Joseph A. Dunne
Law Office of Gerard F. Dunne, P.C.
41 Union Square West, Suite1125
New York, NY  10003
(212) 645-2410
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
ENVIROCARE TECHNOLOGIES, LLC.                             :
                                                          :
                           Plaintiff,                     :   Civil Action No.:
                                                          :
              v.                                          :
                                                          :
VACUUMS UNLIMITED. INC.                                   :
(d/b/a Go Vacuum) and WILLIAM ANAND                       :
                                                          :
                           Defendants.                    :
----------------------------------------------------------X

## COMPLAINT

Plaintiff for its Complaint against the Defendants, respectfully alleges as follows:

## THE PARTIES

1. Plaintiff, EnviroCare Technologies, LLC (hereinafter "Envirocare") is a limited liability company organized under the laws of New York, having a principle place of business at1626 Locust Avenue Bohemia, Suite 8, New York.

2. Plaintiff, upon information and belief, alleges that Defendant, Vacuums Unlimited Inc., doing business as GoVacuum.com (hereinafter "Go Vacuum") is a corporation of the State of Virginia and has a principal place of business at 14500 Lee Road Suite G, Chantilly, VA 20151.

3. Plaintiff, upon information and belief, alleges that Defendant William Anand, is an individual and a principle of Go Vacuum.  Upon information and belief William

Anand maintains an office at 14500 Lee Road Suite G, Chantilly, VA 20151 Jones maintains an office at 246 Airport Road, Suite # 4, Winchester, VA 22602.

## JURISDICTION AND VENUE

4. The First claim herein arise under the Federal Trademark Act of 1946, 15 U.S.C. §1051, *et seq.* and accordingly, subject matter jurisdiction for these claims is conferred upon this Court by virtue of 15 U.S.C. §1121 and 28 U.S.C. §1338(a).

5. The remaining claims herein arise under the laws of the State of New York and are joined with related claims under the Federal Trademark Act. Accordingly, subject matter jurisdiction for the remaining claims is conferred upon this Court by 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

6. Defendants Go Vacuum and Bill Anand (collectively hereinafter "the Defendants") engages in the marketing and solicitation of accessories for vacuum cleaners within this judicial district and in doing so, have caused harm to Envirocare, a resident corporation of this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c).

## NATURE OF THE CASE

8. This is an action seeking injunctive relief and damages for federal and common law trademark infringement, false advertising and unfair competition.

9. This action arises from the Defendants intentional scheme to compete unfairly by selling accessories for vacuum cleaners that compete with Plaintiff, EnviroCare by advertising and selling non-Envirocare-branded products under the Envirocare name. Such products of the Defendants are referred to collectively as the "Infringing Products."

10. Upon information and belief, the Defendants are responsible for sale and advertising of the Infringing Products, and for warranting the Infringing Products.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. §1114

11. Plaintiff, Envirocare, markets within this judicial district and throughout the United States replacement accessories, such as filters and bags, for vacuum cleaners.

12. The products of Envirocare are replacement vacuum accessories marketed and sold under the Envirocare name since 2001, which prominently identify Envirocare as the source of these goods.

13. ENVIROCARE, United States Trademark registration No. 3,914,048, is a registered trademark, owned by Envirocare for replacement vacuum accessories, such as filters and bags. (See Exhibit A)

14. Since 2001, and prior to the acts of the Defendant complained of herein, Envirocare has established rights in the United States and elsewhere, including this judicial district, to the Envirocare trademark as applied to vacuum accessories.

15. Subsequent to the adoption and use of the Envirocare trademark, for vacuum accessories by Envirocare, the Defendants have been advertising and offering for sale on the internet, in at least two internet marketplace, Amazon.com and Sears.com, The Infringing Products listed and advertised under the name Envirocare.

16. Envirocare has given notice to the Defendants herein that the use of the name Envirocare by Defendants violates the rights of the plaintiff in its trademark; and despite such notification, the Defendants have continued to list The Infringing Products using the name Envirocare.

17. By virtue of the ENVIROCARE trademark, United States Trademark registration No. 3,914,048, and the extensive use by the plaintiff of the Envirocare name, throughout the United States, the Envirocare trademark has come to symbolize the reputation and good will of the plaintiff, Envirocare.

18. Envirocare markets a line of high-quality replacement vacuum bags in the United States. Upon information and belief, the products of Defendant are of inferior quality.

19. By virtue fo the above claims, The Defendants are believed to be infringing the rights of Envirocare in its Trademark by offering for sale, throughout the United States, including this judicial district, products using the Envirocare trademark.

20. Envirocare believes and therefore avers that the Defendants were well aware of the trademark of Envirocare prior to the marketing in the United States of products of Defendants, and that the Defendants willfully intend that the marketing within this judicial district and elsewhere of The Infringing Products under the Envirocare name is intended to create confusion to purchasers buying with ordinary care, to deceive, and to trade-off of and/or harm the business and reputation of Envirocare within this judicial district deliberately.

21. Envirocare further believes and therefore avers that the Defendants are fully aware that their aforesaid acts tend to falsely identify and falsely associate the source of the merchandise of the Defendants with Envirocare. Such actions on the part of the Defendants are intended to cause and are likely to cause mistake and actual confusion in the minds of purchasers and to deceive, all to the great and irreparable damage and injury of Envirocare.

22. Such unfair competition and trademark infringement as noted above have and will continue to cause confusion, and is, on information and belief, done willfully by the Defendants.

23. Plaintiff is informed and believes and therefore avers that the Defendants herein have deliberately and knowingly continued to appropriate the reputation and good

will that Envirocare has developed for replacement vacuum accessories.

24. The aforesaid activities of the Defendants have and will continue to create confusion to consumers and the relevant trade buying with ordinary care, and Envirocare further avers that the Defendants are fully aware that the marketing of The Infringing Products with the Envirocare name will falsely identify and falsely misrepresent the source of its goods as originating with or sponsored, or approved by the Envirocare. Such actions on the part of the Defendants are believed to be intended to cause and likely to cause mistake and confusion in the minds of the purchasing public.

25. Unless properly enjoined by this Court, the confusion and deception noted immediately above, and the likelihood therefor, will continue with irreparable harm and damage to Envirocare.

## COUNT II: FEDERAL COMMON LAW UNFAIR COMPETITION UNDER 15 U.S.C. §1125

26. As a complete and second ground of relief, Plaintiff hereby charges the Defendant with Federal common law unfair competition under 15 U.S.C. §1125, and hereby realleges paragraphs 1-25.

27. The Defendants' unauthorized and unlawful misappropriation of the Envirocare trademark has enabled the Defendants to unlawfully trade upon the established good will and reputation of Envirocare as a provider of high-quality replacement vacuum accessories. The Defendants are thus unjustly enriching themselves at the expense and to the damage and injury of Envirocare, and unless enjoined by this Court, will further impair the value of Envirocare's trademark, its reputation and good will.

## COUNT III: COMMON LAW UNFAIR COMPETITION UNDER THE LAWS OF THE STATE OF NEW YORK

28. As a complete and third ground of relief, Plaintiff hereby charges the Defendants with common law unfair competition under the laws of the State of New York, and hereby realleges paragraphs 1-27.

29. Envirocare has expended effort and money to design and produce high-quality replacement vacuum accessories under the name Envirocare with a distinctive and stylized appearance to identify to both the trade and relevant purchasing public a high-quality product marketed by Envirocare, and in establishing in connection therewith, a reputation for quality.

30. As a result of the marketing by the Defendants of comparable products using the Envirocare name, the reputation of Envirocare has been misappropriated.

31. By appropriating the trademark of Envirocare the Defendants are able to "palm off" its Infringing Products as the genuine products of Envirocare. The Defendants are thus deliberately and knowingly misrepresenting and diverting Plaintiff's goodwill, and the reputation symbolized thereby, and therefore unfairly competing with Envirocare.

32. Upon information and belief, the unfair competition of the Defendants have caused, and if allowed to continue, will continue to cause sales of the products of Envirocare to be lost and/or diverted improperly to the Defendants.

33. The unfair competition of the Defendants have caused substantial and irreparable damage and injury to Envirocare, and in particular to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Envirocare.

**COUNT IV: UNFAIR COMPETITION UNDER THE**
**STATUTES OF THE STATE OF NEW YORK**

34. As a complete and third round of relief, Plaintiff hereby charges the Defendants with unfair competition and consumer deception under the laws of the State

of New York, and hereby realleges paragraphs 1 through 33.

35. The aforementioned activities of Defendants violates §§ 349 and 350 of the New York General Business Law.

**WHEREFORE**, plaintiff prays for the following relief:

A. that the Defendants, their agents, servants, employees and attorneys as well as those persons in active concert or participation therewith be temporarily, preliminarily and permanently enjoined and restrained from manufacturing, having manufactured, importing, offering for sale, selling, advertising or promoting or distributing in the United States any products using the name Envirocare.

B. further, that Defendants be ordered:

(i) to remove all internet listings using the Envirocare name, or Images of Envirocare products to promote and advertise its infringing, non-Envirocare products;

(ii) to file with this court and serve on plaintiff ten (10) days after the date of the injunction a report in writing and under oath setting forth in detail the matter or form in which Defendants have complied fully with the injunction;

C. that an accounting and judgment be rendered against the Defendants for:

(i) all profits received by the defendants from the sale of products any products using the name Envirocare;

(ii) all damages sustained by Envirocare as a result of the sale of any products using the name Envirocare;

(iii) that the Defendants accounts for and compensate Envirocare fully for all sales of products of Envirocare that have been diverted or reduced as a result of the unfair competition of the defendant as authorized by 15 U.S.C. § 1117 and §§ 349, 350

and 360-m of the New York General Business Law;

   (iv) that the Defendants accounts for all profits received from the sale of products competing unfairly with Envirocare as authorized by 15 U.S.C. § 1117 and §§ 349, 350 and 360-m of the New York General Business Law;

   (v) that the damages to Envirocare resulting from the unfair competition by Defendant be trebled in view of the willful and wanton actions thereof; and

  D. that Envirocare have and receive its costs in this action, including an award of its reasonable attorney's fees with interest from the date of the filing of this complaint pursuant to 15 U.S.C. § 1117 and General Business Law §§ 349, 350 and 360-m;

  E. that Envirocare receive interest on its damages awards from the date of injury;

  F. that punitive damages be awarded as a result of the wanton misappropriation of the Envirocare name, pursuant to New York General Business Law §§ 349, 350 and 360-m; and

  G. Envirocare be granted such other and further relief as the court deems just and appropriate.


Dated: New York, New York   Respectfully submitted,
    November 4, 2014

             /s/ Joseph A. Dunne
             Joseph A. Dunne (JD 0674)
             Law Office of Gerard F. Dunne, P.C.
             41 Union Square West, Suite1125
             New York, NY  10003
             (212) 645-2410
             *Attorneys for Plaintiff*
             *EnviroCare Technologies, LLC*

# EXHIBIT A



# EnviroCare

**Reg. No. 3,914,048**  
**Registered Feb. 1, 2011**  
**Int. Cl.: 7**

**TRADEMARK**  
**PRINCIPAL REGISTER**

ENVIROCARE TECHNOLOGIES, LLC (NEW YORK LIMITED LIABILITY COMPANY)  
SUITE 8  
1626 LOCUST AVENUE  
BOHEMIA,, NY 117162159

FOR: DUST FILTERS AND BAGS FOR VACUUM CLEANERS, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 4-30-2001; IN COMMERCE 4-30-2001.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-066,268, FILED 6-18-2010.

CIMMERIAN COLEMAN, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office